FILED

2018 JUN -5 PM 2:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2018 Grand Jury

| UNITED STATES OF AMERICA, | CR No. CR-18-0346-DSF |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 31 U.S.C. § 5332(a): Bulk Cash Smuggling; 21 U.S.C. § 853: Criminal Forfeiture; 18 U.S.C. § 982(a)(1): Criminal Forfeiture; 31 U.S.C. §§ 5317(c)(1), 5332(b)(2): Criminal Forfeiture] |
| SOSTENES NUNEZ ESPINOZA,<br>  aka "Fernando Fuerte-Mendoza,"<br>  aka ".sos,"<br>  aka ".sosten,"<br>  aka ".sost,"<br>  aka "SOSTEN,"<br>  aka "Sos,"<br>JOSE MARCO NUNEZ ESPINOZA,<br>  aka "Marco,"<br>  aka "Mar,"<br>  aka "Mark,"<br>LUIS FERNANDO NUNEZ ESPINOZA,<br>  aka "pelos,"<br>  aka "Pelos,"<br>  aka "Pelon,"<br>SERGIO ENRIQUE NUNEZ ESPINOZA,<br>  aka "kiki,"<br>  aka "KIKI,"<br>ADOLFO SOTO PEREZ,<br>  aka "Gary News,"<br>  aka "Gary news,"<br>  aka ".gary newss,"<br>  aka "Gary new mas nuevo...,"<br>  aka "GARY NEWS,"<br>  aka "Garyss,"<br>  aka "Gary mas new.,"<br>  aka "Gary new el rey coronas," | |

```
         aka "Gary new EL AS,"
   JOSE CUCO PORTILLO,
         aka "Brother-in-law,"
         aka "Cunado,"
   ERIK JAVIER RAZO,
         aka "Heri,"
         aka "Eri,"
         aka "E,"
         aka "Chikilin,"
         aka "Chiki,"
   ALEXIS FELIX-RAZO,
         aka "Heri's Cousin,"
         aka "Cousin,"
   AMELIA MORENO,
         aka "Martha,"
         aka "Senora,"
   JESUS RAYMUNDO RODRIGUEZ,
   ROBERTO BARRAZA,
   MANUEL MOLINA-SANCHEZ,
         aka "Jonathan,"
   TRINA AGUILAR,
         aka "Trine," and
   TOMAS AGUILAR,
         aka "Tommy,"
         aka "Tom,"
         aka "Tomi,"

              Defendants.
```

The Grand Jury charges:

## COUNT ONE

[21 U.S.C. § 846]

Beginning on a date unknown, and continuing to on or about June 5, 2018, in Los Angeles, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," JOSE MARCO NUNEZ ESPINOZA, aka "Marco," aka "Mar," aka "Mark," LUIS FERNANDO NUNEZ ESPINOZA, aka "pelos," aka "Pelos," aka "Pelon," SERGIO ENRIQUE NUNEZ ESPINOZA, aka "kiki," aka "KIKI," ADOLFO SOTO PEREZ, aka "Gary News," aka "Gary news," aka ".gary newss," aka "Gary new mas nuevo...," aka "GARY NEWS," aka "Garyss," aka "Gary mas

2

new.," aka "Gary new el rey coronas," aka "Gary new EL AS," JOSE CUCO PORTILLO, aka "Brother-in-law," aka "Cunado," ERIK JAVIER RAZO, aka "Heri," aka "Eri," aka "E," aka "Chikilin," aka "Chiki," ALEXIS FELIX-RAZO, aka "Heri's Cousin," aka "Cousin," AMELIA MORENO, aka "Martha," aka "Senora," JESUS RAYMUNDO RODRIGUEZ, ROBERTO BARRAZA, MANUEL MOLINA-SANCHEZ, aka "Jonathan," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute and possess with intent to distribute:

    1.    at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii);

    2.    at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i); and

    3.    at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

3

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

On or about September 15, 2015, in Los Angeles County, within the Central District of California, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," AMELIA MORENO, aka "Martha," aka "Senora," JESUS RAYMUNDO RODRIGUEZ, and ROBERTO BARRAZA, knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 10 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

On or about September 15, 2015, in San Bernardino County, within the Central District of California, defendant ROBERTO BARRAZA knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 5.957 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

On or about April 5, 2016, in Los Angeles County, within the Central District of California, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," LUIS FERNANDO NUNEZ ESPINOZA, aka "pelos," aka "Pelos," aka "Pelon," JOSE CUCO PORTILLO, aka "Brother-in-law," aka "Cunado," ERIK JAVIER RAZO, aka "Heri," aka "Eri," aka "E," aka "Chikilin," aka "Chiki," and ALEXIS FELIX-RAZO, aka "Heri's Cousin," aka "Cousin," knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 8.994 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)]

On or about May 26, 2016, in Los Angeles County, within the Central District of California, defendants AMELIA MORENO, also known as ("aka") "Martha," aka "Senora," JESUS RAYMUNDO RODRIGUEZ, and MANUEL MOLINA-SANCHEZ, aka "Jonathan," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 2,999 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

7

## COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

On or about May 26, 2016, in Los Angeles County, within the Central District of California, defendants AMELIA MORENO, also known as ("aka") "Martha," aka "Senora," JESUS RAYMUNDO RODRIGUEZ, and MANUEL MOLINA-SANCHEZ, aka "Jonathan," knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 3.013 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT SEVEN

                [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

On or about December 9, 2016, in Los Angeles County, within the Central District of California, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," LUIS FERNANDO NUNEZ ESPINOZA, aka "pelos," aka "Pelos," aka "Pelon," ADOLFO SOTO PEREZ, aka "Gary News," aka "Gary news," aka ".gary newss," aka "Gary new mas nuevo...," aka "GARY NEWS," aka "Garyss," aka "Gary mas new.," aka "Gary new el rey coronas," aka "Gary new EL AS," JOSE CUCO PORTILLO, aka "Brother-in-law," aka "Cunado," and others known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 9.864 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 9, 2016, in Los Angeles County, within the Central District of California, defendant JOSE CUCO PORTILLO, also known as ("aka") "Brother-in-law," aka "Cunado," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

## COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 5, 2017, in San Bernardino County, within the Central District of California, defendant SERGIO ENRIQUE NUNEZ ESPINOZA, also known as ("aka") "kiki," aka "KIKI," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1,312 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT TEN

### [18 U.S.C. § 1956(h)]

Beginning on a date unknown, and continuing to on or about June 5, 2018, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," JOSE MARCO NUNEZ ESPINOZA, aka "Marco," aka "Mar," aka "Mark," LUIS FERNANDO NUNEZ ESPINOZA, aka "pelos," aka "Pelos," aka "Pelon," SERGIO ENRIQUE NUNEZ ESPINOZA, aka "kiki," aka "KIKI," ADOLFO SOTO PEREZ, aka "Gary News," aka "Gary news," aka ".gary newss," aka "Gary new mas nuevo...," aka "GARY NEWS," aka "Garyss," aka "Gary mas new.," aka "Gary new el rey coronas," aka "Gary new EL AS," JOSE CUCO PORTILLO, aka "Brother-in-law," aka "Cunado," TRINA AGUILAR, aka "Trine," TOMAS AGUILAR, aka "Tommy," aka "Tom," aka "Tomi," and others known and unknown to the Grand Jury, conspired and agreed with each other to:

1. knowingly and intentionally conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property, in fact, involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and knowing that the financial transactions were designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    2.  knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to a place outside of the United States, knowing that the funds involved in the transportation, transmission, and transfer represented some form of unlawful activity, and which funds, in fact, involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and knowing that such transportation, transmission, and transfer was designed in whole and in part to (a) conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), and (b) avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

## COUNT ELEVEN

[31 U.S.C. § 5332(a)]

On or about March 31, 2016, in Riverside County, within the Central District of California, and elsewhere, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," JOSE MARCO NUNEZ ESPINOZA, aka "Marco," aka "Mar," aka "Mark," SERGIO ENRIQUE NUNEZ ESPINOZA, aka "kiki," aka "KIKI," TRINA AGUILAR, aka "Trine," and TOMAS AGUILAR, aka "Tommy," aka "Tom," aka "Tomi," knowingly concealed more than $10,000 in United States currency, namely, $286,550, in a conveyance and container, that is, a Honda Crosstour, and attempted to transport such currency from a place within the United States to a place outside of the United States with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316.

## COUNT TWELVE

[31 U.S.C. § 5332(a)]

On or about August 9, 2016, in Riverside County, within the Central District of California, and elsewhere, defendants SOSTENES NUNEZ ESPINOZA, also known as ("aka") "Fernando Fuerte-Mendoza," aka ".sos," aka ".sosten," aka ".sost," aka "SOSTEN," aka "Sos," and SERGIO ENRIQUE NUNEZ ESPINOZA, aka "kiki," aka "KIKI," knowingly concealed more than $10,000 in United States currency, namely, $403,320, in a conveyance and container, that is, a Kia Sorrento, and attempted to transport such currency from a place within the United States to a place outside of the United States with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316.

## FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in accordance with Title 21, United States Code, Section 853, in the event of any defendant's conviction under Counts One through Nine of this Indictment. Each defendant so convicted shall forfeit to the United States the following property:

    a.  All right, title and interest in any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense;

    b.  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

    c.  to the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs 1(a) and (b).

2.  Pursuant to Title 21, United States Code, Section 853(p), each defendant convicted of any of Counts One through Nine of this Indictment shall forfeit substitute property, up to the value of the total amount described in paragraph 1, if, as the result of any act or omission of said defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in accordance with Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction under Count Ten of this Indictment. Each defendant so convicted shall forfeit to the United States the following property:

    a. All right, title and interest in any and all property, real or personal, involved in such offense, and any property traceable to such property; and

    b. to the extent such property is not available for forfeiture, a sum of money equal to the total value of such property.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant convicted of Count Ten of this Indictment shall forfeit substitute property, up to the value of the total amount described in paragraph 1, if, as the result of any act or omission of said defendant, the property described in paragraph 1, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

## FORFEITURE ALLEGATION THREE

[31 U.S.C. §§ 5317(c)(1) and 5332(b)(2)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in accordance with Title 31, United States Code, Sections 5317(c)(1) and 5332(b)(2), in the event of any defendant's conviction under Counts Eleven or Twelve of this Indictment. Each defendant so convicted shall forfeit to the United States the following property:

   a. All right, title, and interest in any property, real or personal, involved in the offense, and any property traceable to such property; and

   b. To the extent the actual property involved in or traceable to the offense is not available, a money judgment against the defendant equal to the total amount of money involved in or traceable to each offense for which the defendant is convicted, pursuant to Title 31, United States Code, Section 5332(b)(4).

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Sections 5317(c)(1)(B) and 5332(b)(3), each defendant so convicted shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of said defendant, such property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of this court;

//
//
//

has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
   Enforcement Task Force Section

CAROL A. CHEN
Assistant United States Attorney
Deputy Chief, Organized Crime
   Drug Enforcement Task Force
   Section

JENNIFER A. CORBET
CHRISTOPHER C. KENDALL
LINDSAY M. BAILEY
Assistant United States Attorneys
Organized Crime Drug Enforcement
   Task Force Section